## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | |
|---|---|
| **TELOS IDENTITY MANAGEMENT SOLUTIONS, LLC,**<br><br>     Plaintiff,<br><br>     v.<br><br>**UNITED STATES,**<br><br>     Defendant. | Case No. 1:19-cv-00187-LAS<br>(Senior Judge Loren A. Smith) |

### IDEMIA IDENTITY & SECURITY USA LLC'S MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Idemia Identity & Security USA LLC ("Idemia IS") respectfully moves to intervene in the above-captioned case. Idemia IS seeks to intervene to protect its rights as the awardee of the contract challenged by Plaintiff Telos Identity Management Solutions, LLC ("Telos") in this bid protest. Idemia IS has conferred with counsel for Plaintiff and Defendant, and neither opposes this motion.

Under Rule 24(a)(2), Idemia IS is entitled to intervene as a matter of right because, as the awardee, it has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest . . . ." RCFC 24(a)(2). This rule provides for "intervention of right" upon timely application to the Court when the party seeking to intervene:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006).

Idemia IS meets the Rule 24(a)(2) test. As the awardee, Idemia IS has a direct and immediate interest in the litigation, as its economic well-being will be affected by the Court's resolution of this bid protest. If the Court were to rule in favor of Plaintiff, Idemia IS's interests would be affected because a re-evaluation or a new best-value determination may affect the award result.

Furthermore, although Defendant and Idemia IS both share an interest in demonstrating that Defendant's evaluation and the resulting award decision were proper, only Idemia IS can adequately protect its interests in ensuring that any action taken does not adversely affect Idemia IS's right to the contract.

"The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). This is especially true here where Plaintiff seeks to overturn Defendant's determination that Idemia IS's proposal offered the best value and threatens to deprive Idemia IS of a properly awarded contract.

## **CONCLUSION**

Accordingly, Idemia IS meets the requirements of RCFC 24(a)(2) and respectfully requests that the Court grant its motion to intervene as of right.

Dated: February 1, 2018 Respectfully submitted,

By: /s/Damien C. Specht
Damien C. Specht
James A. Tucker
R. Locke Bell
Morrison & Foerster LLP
1650 Tysons Boulevard
Suite 400
McLean, Virginia 22102
Telephone: 703-760-7325
Email: dspecht@mofo.com

*Counsel for*
*Idemia Identity & Security USA LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this MOTION TO INTERVENE was served this day on all parties via the Court's electronic case filing system

February 1, 2019                                                    */s/* Damien C. Specht
                                                                                       *Counsel of Record*